## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD LYNN DOPP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-06-842-D |
| | ) |
| **JUSTIN JONES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Richard Dopp, a *pro se* private prison inmate in the custody of the State of Oklahoma, has brought this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that various prison officials and employees violated his constitutional guarantees to equal participation in religious services, adequate hygiene supplies, and medical care. Following an initial round of dispositive motions, various Defendants were dismissed [Doc. No. 58]. The only remaining Defendants – collectively, the Lawton Correctional Facility Defendants – have again requested summary judgment [Doc. No. 90] as has the Plaintiff [Tr. 87]. The parties have responded to each others' motions [Doc. Nos. 94 and 95], and the matter is now at issue. Before, however, the merits of the parties' motions can be resolved, Defendants' motion for leave to file their answer out of time[1] [Doc. No. 89][2] must first be addressed

---

[1] Defendants' motion requests an extension of time in which to answer [Doc. No. 89] and alternatively moves for leave to file the answer out of time. Because the answer deadline had already expired before Defendants filed their motion, the undersigned has construed the motion as one brought pursuant to Fed. R. Civ. P. 6(b)(1)(B).

[2] Plaintiff has filed both a response [Doc. No. 96] and a supplemental response [Doc. No. 97] in opposition to Defendants' motion.

because the disposition of such motion will determine whether Plaintiff's allegations have been deemed admitted by Defendants' failure to file an answer.

**Failure to Answer Plaintiff's Complaint**

After this matter was re-referred [Doc. No. 59] following determination of the first group of motions, the undersigned entered an order specifically setting out Defendants' answer date pursuant to Fed. R. Civ. P. 12(a)(4)(A), as well as a dispositive motion deadline [Doc. No. 60]. When Plaintiff filed his motion for summary judgment some eight months later [Doc. No. 87], he pointed out as his initial argument that Defendants – despite the undersigned's reminder – had failed to file an answer to his complaint and contended that "such failure results in defendants admission to all allegations found in plaintiff's complaint." *Id.* at 1. As support, Plaintiff relies upon Fed. R. Civ. P. 8(b)(6) which provides that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Plaintiff places additional reliance on the Tenth Circuit decision in *Burlington Northern R.R. Co. v. Huddleston,* 94 F.3d 1413, 1415 (10th Cir. 1996) in which the court held that by "failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually."[3] [Doc. No. 87, pp. 1 - 2].

---

[3]The *Burlington Northern* court construed the provisions of Fed. R. Civ. P. 8(d). Prior to the general restyling of the Rules, Fed. R. Civ. P. 8(d) was the equivalent of Fed. R. Civ. P. 8(b)(6).

Counsel for Defendants does not dispute the validity of Plaintiff's argument but instead requests leave to file Defendants' answer some eight months out of time [Doc. No. 89]. Counsel urges the court to avoid the sanction of default judgment[4] and to find under Fed. R. Civ. P. 6(b)(1)(B) that his failure to file Defendants' answer was due to "excusable neglect." As support, counsel points to the Tenth Circuit's decision in *Panis v. Mission Hills Bank,* 60 F.3d 1486, 1494 (10th Cir. 1995), and its discussion of the Supreme Court's decision in *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380 (1993), including the Court's four-part test for "excusable neglect": "the danger of prejudice to [the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395.

In connection with these factors, counsel for Defendants maintains "that Plaintiff has not suffered any detriment by an answer not being filed." [Doc. No. 89, p. 2]. He makes no reference to the length of the delay and, as to impact of a delayed answer on these proceedings, states only that this case is in "the early stage . . . so that this extension will have no impact on the timing of this case." *Id.* As to the reason for the delay, counsel states that upon receipt of the undersigned's October 30, 2007 order [Doc. No. 60], he

---

[4]It is important to note that Plaintiff's entitlement to summary judgment would remain very much at issue even if his factual allegations are deemed admitted. Those facts must still be considered in light of the applicable law in making a summary judgment determination. Thus, contrary to counsel's claim, this is not a "default judgment" proceeding [Doc. No. 89, p. 2].

"inadvertently docketed only the due date for Motion for Summary Judgment." [Doc. No. 89, p. 1].  Finally, counsel submits that the "failure to file Answer was due to inadvertence and not in bad faith. . . ." *Id.* at 4.

Under Fed. R. Civ. P. 6(b)(1)(B), a court has the discretion to permit the late filing of Defendants' answer if counsel can demonstrate that the delay in filing was caused by "excusable neglect." *See Panis,* 60 F.3d at 1494. With regard to the four-part *Pioneer* test, the undersigned finds that counsel has failed to establish that Plaintiff will suffer no prejudice as a result of a late filing. Counsel – without citation of either legal authority or good reason – states only that Plaintiff is not prejudiced by the lack of a timely filed answer and that Plaintiff failed to bring the absence of an answer to counsel's attention [Doc. No. 89, p. 2]. The undersigned cannot agree that Plaintiff has not suffered *any* prejudice as a result of counsel's failure.  At the very least, much of the work Plaintiff incurred in formulating his summary judgment motion in reliance on Defendants' admissions will be wasted if the filing of a belated answer is permitted.  And, were Defendants' motion to be granted, Plaintiff could well find it incumbent to file a new summary judgment brief as the undersigned would provide him with the opportunity to file a brief that was not in any manner dependent upon admitted factual allegations.[5]

---

[5] Although Plaintiff asserts in his summary judgment motion that regardless of Defendants' admissions "he still has all his bases covered thereby further justifying summary judgment[,]" [Doc. No. 87, p. 8], he nevertheless states in his brief in opposition to Defendants' motion to file their answer out of time that, due to the impact of Defendants' failure, he "was under the impression that he would not have to present a head-over-heels response, or motion for summary judgment for that matter, to obtain summary judgment and

As to the second factor, counsel does not even reference the length of the delay and, as to its impact on judicial proceedings, maintains that this matter is in its "early stage." *Id.* Again, the undersigned disagrees. This case is well over two years old, discovery has been completed, and summary judgment motions are at issue.[6] Moreover, after Defendants' motion to dismiss was overruled, the undersigned undertook the extra step of reminding counsel that his clients' answer was due and even calculating the precise date pursuant to the statute. The undersigned took this step in order to prevent the very type of situation that counsel has now created. The fact that the undersigned must now delay a report and recommendation on the parties' summary judgment motions in order to address the impact of counsel's failure to file an answer – a decision which will require Judge DeGiusti to, in turn, make an additional determination – speaks for itself as to the impact counsel's actions have already had on judicial proceedings. Were counsel's motion to be granted, additional time would be required in order to give Plaintiff the opportunity to redraft his summary judgment motion and to provide the necessary response and reply time.

Application of the third factor – the reason for the delay and whether it was within the counsel's reasonable control – does not weigh in counsel's favor where counsel was

---

or defeat def's request for summary judgment . . . ." [Doc. No. 96, p. 4].

[6]In the *Panis* decision relied upon by Plaintiff, the Tenth Circuit determined that the trial court had not abused its discretion in denying plaintiff leave to file an amended complaint where more than six months after the deadline for such amendment had passed, where most of the discovery had been completed, and where the case was ready for disposition. *See Panis,* 60 F.3d at 1495.

5

specifically given what should have been an unnecessary reminder of his obligation to file the most basic of pleadings. As to the fourth factor of counsel's good faith in this matter, the undersigned has no specific reason to doubt the same. Nonetheless, upon review of the proposed answer submitted with the motion to file out of time, [Doc. No. 89, Attachment 1], the undersigned finds some reason to question counsel's serious attention to this case. For example, although Defendants' summary judgment motion is premised largely on Plaintiff's failure to exhaust his administrative remedies, such an affirmative defense is not preserved in the proposed answer. The affirmative defenses set out by counsel are instead more appropriate for a negligence action rather than this federal civil rights matter. Thus, upon consideration of the *Pioneer* factors in conjunction with this proposed answer, what might otherwise have been characterized as excusable inadvertence by an otherwise engaged and diligent counsel, instead appears to be more in the nature of careless indifference. Accordingly, because counsel has failed to demonstrate the requisite excusable neglect, the undersigned recommends that Defendants' motion for leave to file their answer out of time be denied.

### **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

It is the recommendation of the undersigned Magistrate Judge that Defendants' motion to file their answer out of time [Doc. No. 89] be denied.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by the 13th day of February, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. **THE PARTIES ARE**

**SPECIFICALLY ALERTED THAT THE UNDERSIGNED HAS SHORTENED THE STANDARD TIME PERIOD FOR OBJECTION.** The parties are further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States,* 950 F.2d 656 (10th Cir. 1991).

IT IS SO ORDERED this 3rd day of February, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE