IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD LYNN DOPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-842-D |
| | ) | |
| JUSTIN JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 98], issued by United States Magistrate Judge Bana Roberts on February 3, 2009. Defendants David Miller, Larry Rollerson, Dayton Poppell, Paul DeWeese, Melissa Halvorson, and Ronald Schnee – who are individuals employed at the Lawton Correctional Facility (LCF) and thus referred to as LCF Defendants – have objected to the Report, which would deny their motion to file a belated answer.[1] Upon a timely objection, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Briefly stated, Judge Roberts finds for reasons capably explained in her Report that the LCF Defendants have failed to demonstrate the requisite "excusable neglect" to justify a late filing of their answer under Fed. R. Civ. P. 6(b)(1)(B) and controlling case law. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993); *Panis v. Mission Hills Bank*, 60 F.3d 1486,

---

[1] *Another defendant otherwise included in the group of LCF Defendants, Richard Tinker, is not included in the motion and so does not object to the Report.*

1494 (10th Cir. 1995). Conducting a careful analysis of the issues, Judge Roberts finds that a belated filing would prejudice the plaintiff and would impact the judicial proceedings and that the delay was caused solely by defense counsel, whose conduct in the case has been "in the nature of careless indifference." *See* Report [Doc. 98] at 6.

In the Objection, the LCF Defendants argue their failure to file an answer was due to inadvertence because it was caused by counsel's docketing error, and they fault the plaintiff for their failure to realize the omission because the plaintiff actively pursued discovery and filed a motion for summary judgment without bringing the error to their attention. The LCF Defendants argue that Judge Roberts' decision "is entirely inconsistent with the Tenth Circuit's pronouncement in *Panis*, 60 F.3d at 1494. The facts of this case are indistinguishable." *See* Objection [Doc. 99] at 5.

Carefully considering the guidance in *Pioneer* and *Panis*,[2] in light of the circumstances present here, the Court reluctantly concludes that the LCF Defendants' Motion for Extension of Time to File Answer or in the Alternative for Leave to File Attached Answer Out of Time [Doc. 89] should be granted, and thus the Court does not adopt the Magistrate Judge's Report and Recommendation issued on February 3, 2009 [Doc. 98].

The Supreme Court in *Pioneer* emphasized that the plain meaning of the term "neglect," as found in the "excusable neglect" test for allowance of a late filing, "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer*, 507 U. S. at 388. The Court there approved a four-factor approach for consideration of whether neglect

---

[2] *The case of* Burlington Northern R.R. Co. v. Huddleston, *94 F.3d 1413 (10th Cir. 1996), also cited in the Report and Recommendation, is distinguishable. In that case the parties intentionally submitted the matter to the trial court on an agreed record for a determination as a matter of law. Thus, the decision to not file an answer in* Burlington Northern *was calculated and intentional, rendering the application of Fed. R. Civ. P. 8 (b)(6) (which deems admitted allegations not denied in a responsive pleading) a direct and obvious consequence of the defendant's tactical decision.*

is excusable: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith. Moreover, the determination is fundamentally "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.

In applying the first *Pioneer* factor, the Magistrate Judge concluded that at least some prejudice would befall the plaintiff, primarily because he would likely re-draft his pending motion for summary judgment to address matters he previously treated as admitted pursuant to Fed. R. Civ. P. 8(b)(6). However, a review of the plaintiff's summary judgment motion reflects that he referred extensively to evidentiary materials to support his purported undisputed material facts, to include numerous references to discovery materials. Thus, it does not appear that the plaintiff relied entirely, or even substantially, upon admissions derived through the operation of Fed. R. Civ. P. 8(b)(6), and, accordingly, any prejudice to the plaintiff through the potential supplementation of his summary judgment motion and brief will be minimal.

Regarding the second *Pioneer* factor, the length of the delay in the LCF Defendants' request to file an answer[3] – about seven months – is indeed significant. However, during that time period the case was actively litigated, discovery was conducted to completion and, ultimately, dispositive motions submitted. Also, and importantly, the impact on the proceedings going forward will not likely be substantial. This case has been pending since 2006, and a delay of 45 to 60 days to allow

---

[3] *It is important to note that the second factor – the length of the delay and its potential impact on judicial proceedings – looks both backward and forward; backward in terms of the delay in taking the action required by the rules, and forward regarding the potential impact on judicial proceedings likely to result if the late filing is allowed.*

for the supplementation of summary judgment briefing will not in any great measure impact judicial proceedings.[4]  Thus, this factor, too, militates in favor of allowing the out-of-time filing.

The third factor – the reason for the delay, including whether it was within the reasonable control of the movant – was not discussed in great detail by the Magistrate Judge.  Clearly, however, the reason for the delay was the carelessness of counsel for the LCF Defendants.  That counsel seeks to lay some modicum of blame on the plaintiff for not pointing out the omission earlier is ridiculous, especially under the circumstances of this case which involves a *pro se* plaintiff; but such does not change the nature of the omission itself, which seems to be a classic example of the type of inattention and carelessness that Fed. R. Civ. P. 6(b)(1)(B) is intended to address.

In applying the *Pioneer* factors, the Magistrate Judge accepted that the LCF Defendants have not acted in bad faith; thus, the fourth factor also militates in favor of allowing the late filing.

Therefore, having determined that the weight of the *Pioneer* factors compel the allowance of the LCF Defendants' late filing, the Court declines to adopt the Report and Recommendation [Doc. 98].

IT IS THEREFORE ORDERED that the LCF Defendants' Motion for Extension of Time to File Answer or in the Alternative for Leave to File Attached Answer Out of Time [Doc. 89] is granted.  The LCF Defendants are directed to file and serve the Answer attached to their Motion [Doc. 89-2] within three (3) days of the date of this Order.

---

[4] *Upon filing of the late pleading, the plaintiff should be allowed a reasonable time, such as 30 days, after service of such pleading to supplement his pending motion for summary judgment as may be necessary. The LCF Defendants would then be entitled to a response, but such response should be strictly limited to address only matters supplemented by the plaintiff; thus a shortened period of time to respond would be appropriate.  Of course, the plaintiff may then reply as allowed by Local Rule LCvR 7.1(i).*

IT IS FURTHER ORDERED that this matter remains under referral to Magistrate Judge Roberts for further proceedings.

IT IS SO ORDERED this   25th   day of February, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE