IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD LYNN DOPP,                )
                                  )
         Plaintiff,               )
                                  )
v.                                )     Case No. CIV-06-842-D
                                  )
JUSTIN JONES, *et al.*,           )
                                  )
         Defendants.              )

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 106] issued July 30, 2009, by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). The Report addresses cross-motions for summary judgment filed by Plaintiff Richard Dopp and by the remaining defendants, who are individuals employed at the Lawton Correctional Facility (LCF) and referred to as the LCF Defendants. The Report also addresses a motion by Plaintiff to add another individual as a defendant on one claim. Both parties have filed objections to the Report, and Plaintiff has responded to the LCF Defendants' objection. The Court must make a *de novo* determination of any portion of the Report to which a specific, timely objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The LCF Defendants have timely objected to the following portions of Judge Roberts' Report: (1) a finding that they have waived affirmative defenses regarding administrative exhaustion and the statute of limitations; (2) the conclusion that they are not entitled to summary judgment on Plaintiff's equal protection claim regarding participation in religious services; and (3) the conclusion that they are not entitled to summary judgment on Plaintiff's Eighth Amendment claim regarding inadequate dental hygiene supplies. Concerning the equal protection claim, the LCF

Defendants contend only that Plaintiff lacks evidence to establish intentional or purposeful discrimination with respect to the alleged selective enforcement of LCF's policy prohibiting inmates from attending services of more than one basic faith group. They state no objection to Judge Roberts' additional finding that the law does not require proof of ill will or malice as an additional element of Plaintiff's equal protection claim. *See* Report [Doc. No. 106] at 10-12. Therefore, the Court finds that the LCF Defendants have waived further review of this legal issue, and Judge Roberts' position will be adopted.[1]

Within the extended time period allowed by the Court, Plaintiff has filed a timely objection that challenges (1) certain factual statements contained in the Report, (2) the conclusion that Plaintiff is not entitled to summary judgment on two claims (denial of equal protection regarding religious services and deprivation of dental hygiene supplies), and (3) the conclusion that the LCF Defendants are entitled to summary judgment on a claim that he was denied medical treatment for hair loss. Plaintiff's objection is silent concerning Judge Roberts' findings regarding his motion to add a new defendant (Dean Caldwell), an equal protection claim regarding hygiene supplies, and alleged Eighth Amendment deprivations regarding adequate soap and shampoo. The Court finds Plaintiff has waived further review of these issues, and therefore, Judge Roberts' recommended rulings on these issues will be adopted.

Plaintiff, who appears *pro se*, is a DOC inmate confined in a private prison, LCF. He brings suit under 42 U.S.C. § 1983 seeking damages and injunctive relief for allegedly unconstitutional conditions of confinement. Plaintiff's claims against the LCF Defendants have been the subject of a prior dispositive motion [Doc. No. 33], Report and Recommendation [Doc. No. 51], and Order

---

[1] A party waives further review of issues by failing to object to a magistrate's report addressing them. *See  Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[Doc. No. 58]. The Court has previously determined that the only claims properly preserved for judicial review, over the LCF Defendants' affirmative defense of lack of administrative exhaustion, are § 1983 claims alleging violations of Plaintiff's rights to equal participation in religious services, adequate hygiene supplies, and medical care. *See* Order [Doc. No. 58] at 6-10. The LCF Defendants' prior dispositive motion was treated as one for dismissal under Rule 12(b)(6), while the present motion seeks summary judgment under Rule 56. However, Judge Roberts previously considered the administrative materials of record, which was proper under Rule 12(b)(6). *See* Order [Doc. No. 58] at 5 & n.6. In the Report under review, Judge Roberts declines to revisit the merits of the LCF Defendants' defense that Plaintiff failed to exhaust fully his administrative remedies and, instead, treats the prior rulings regarding administrative exhaustion as law of the case. *See* Report [Doc. No. 106] at 5-6, 15, 22-23. The Court fully concurs in this approach. Although the LCF Defendants have renewed or reasserted this defense in their summary judgment motion as to Plaintiff's claim regarding religious services, they simply restate verbatim the facts and argument previously presented on this issue. *Compare* LCF Defendant's Motion [Doc. No. 33] at 6-7 *with* LCF Defendants' Motion [Doc. No. 90] at 24-25. Therefore, the Court finds no basis to revisit their defense of administrative exhaustion.[2]

In the Report, however, Judge Roberts also declines to address the LCF Defendants' affirmative defenses of administrative exhaustion and the statute of limitations because these defenses were omitted from their Answer. Judge Roberts concludes the LCF Defendants' failure

---

[2] The LCF Defendants also state a new argument that the prior determination is wrong because "Plaintiff failed to ever file any grievance appeal to DOC's administrative review authority." *See* Motion [Doc. No. 90] at 23 (citing "SR, Att. 2 (Doc. 28-2)"). This statement is patently incorrect, as demonstrated by the record citation to DOC's Special Report, which contains a copy of an administrative review authority's decision denying a grievance as unsubstantiated. *See* Special Report [Doc. No. 28], attach. 2 at 7. Further, the prior analysis thoroughly considered the requirement of an administrative appeal to DOC's review authority. *See* Report [Doc. No. 51] at 6-15; Order [Doc. No. 58] at 7-10.

3

to preserve these defenses through their Answer prevents further assertion or judicial consideration of them. The LCF Defendants object to this conclusion. The Court agrees that it was improvidently reached. The court of appeals has held that an affirmative defense is not necessarily waived by failure to plead it in an answer and should be considered if it is timely raised by a motion for summary judgment and if the plaintiff will not be prejudiced by constructive amendment of the answer. *See Ahmad v. Furlong*, 435 F.3d 1196, 1204 (10th Cir. 2006). In this case, the LCF Defendants have consistently raised their administrative exhaustion and time-bar defenses by motion. Further, when they presented these affirmative defenses in their summary judgment motion, Plaintiff opposed them on the merits, even though he also objected to them as waived. Therefore, Plaintiff will not be prejudiced by their consideration.[3]

As stated above, Judge Roberts actually considered the LCF Defendants' affirmative defense of administrative exhaustion. The defense was previously raised and decided in ruling on their motion to dismiss, and Judge Roberts addresses in her latest Report only claims that Plaintiff had exhausted. Therefore, although her finding of waiver was in error, the error did not impact the summary judgment analysis of Plaintiff's claims. The Court also finds that Judge Roberts' failure to consider the affirmative defense of the statute of limitations did not impact the analysis, except with respect to former warden Dayton Poppell. The only exhausted claims considered by Judge Roberts arise from the alleged selective enforcement of an LCF policy adopted in 2006, Plaintiff's request for medical treatment of hair loss in 2005, and inadequate dental hygiene supplies that allegedly resulted in Plaintiff's periodontal disease and loss of a tooth in 2005. All of these claims

---

[3] Arguably, the LCF Defendants should have presented their non-waiver argument based on *Ahmad* and other authorities in a reply brief for consideration by Judge Roberts. Under the circumstances, however, the Court finds that the LCF Defendants have not waived consideration of this argument or their affirmative defenses.

are within the two-year limitations period for a § 1983 claim. *See Abbitt v. Franklin*, 731 F.2d 661, 663 (10th Cir. 1984) (en banc). However, the LCF Defendants have presented unrefuted evidence that Warden Poppell last worked at LCF in March, 2003. Plaintiff has not provided any basis to toll the limitations period with respect to a claim against Defendant Poppell, who could not have personally participated in any constitutional deprivation that occurred after March, 2003, which is more than three years before this case was filed.[4] Therefore, the Court finds that Defendant Poppell is entitled to summary judgment on the ground that Plaintiff's action against him is time-barred.

Turning to the remaining merits issues, the question presented by the objections of both Plaintiff and the LCF Defendants is whether the existence of genuine disputes of material facts preclude summary judgment on Plaintiff's § 1983 claims for denial of equal protection regarding religious services, denial of medical treatment for hair loss, and deprivation of adequate dental hygiene supplies. The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The Court has conducted a *de novo* review of the summary judgment record and fully concurs in the conclusions reached by Judge Roberts. Even if Plaintiff's asserted facts are accepted as true, Plaintiff has failed to demonstrate a genuine dispute as to whether the LCF Defendants were deliberately indifferent to a serious medical need related to his hair loss. Therefore, the LCF Defendants are entitled to summary judgment on Plaintiff's § 1983 claim regarding medical care.

---

[4] Plaintiff argues generally that Defendant Poppell "set in motion wrongs and deprivations that constitute ongoing and continuing wrongs resulting in continued and repeated injuries." *See* Pl.'s Reply Defs.' Objections [Doc. No. 111] at 2; *see also* Pl.'s Resp. Defs.' Mot. [Doc. No. 94] at 12. The continuing violation doctrine has not been extended to a § 1983 claim. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). In any event, the doctrine has no application under the alleged facts of this case where Plaintiff was fully aware of the alleged constitutional violations when they occurred.

However, factual issues prevent summary judgment on Plaintiff's § 1983 claims that his Fourteenth Amendment right to equal protection was violated with respect to religious services and his Eighth Amendment rights were violated as a result of inadequate dental hygiene supplies. In all other respects, the LCF Defendants are entitled to summary judgment on Plaintiff's § 1983 claims.

For the above reasons, the Court adopts the Report and Recommendation [Doc. No. 106] to the extent set forth above.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Add New Defendant [Doc. No. 86] and Plaintiff's Motion for Summary Judgment [Doc. No. 87] are DENIED.

IT IS FURTHER ORDERED that the LCF Defendants' Motion for Summary Judgment [Doc. No. 90] is GRANTED in part and DENIED in part. Defendant Dayton Poppell is entitled to summary judgment on all claims asserted in the Complaint. Defendants Miller, Rollerson, DeWeese, Halverson, Schnee and Tinker are entitled to summary judgment on all § 1983 claims <u>except</u> a Fourteenth Amendment claim asserted in Count I, alleging a violation of Plaintiff's right of equal protection regarding religious services, and an Eighth Amendment claim asserted in Count II, alleging a violation of Plaintiff's right to adequate dental hygiene supplies.

IT IS SO ORDERED this 29th day of September, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE